**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARIA CHAPARRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-07-964-F |
| ) | |
| DR. BAOLIEN NGUYEN TU, ) | |
| INTEGRIS SOUTHWEST MEDICAL ) | |
| CENTER, C.R. BARD, INC., and its ) | |
| Subsidiary DAVOL, INC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is Plaintiff, Maria Chaparro's Motion to Remand, filed September 6, 2007 (doc. no. 6). Defendants have responded to the motion. No reply has been filed. Upon due consideration of the parties' submissions, the court makes its determination.

On August 29, 2007, defendants, C.R. Bard, Inc. and Davol, Inc., removed the above-entitled action to this court from the District Court of Oklahoma County, Oklahoma. In the notice of removal, defendants assert that the court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000 and there is complete diversity between plaintiff and defendants. Although defendants concede that the other named defendants, Dr. Baolien Nguyen Tu ("Tu") and Integris Southwest Medical Center ("Integris"), are not diverse in citizenship from plaintiff, defendants contend that

defendants Tu and Integris are fraudulently joined and their presence cannot defeat the court's exercise of diversity jurisdiction.

In her remand motion, plaintiff contends that defendants have provided only a blanket or general statement that plaintiff's damages exceed $75,000. Plaintiff contends that defendants lack any factual basis to support that statement and the cases cited by defendant, showing what damages could be awarded to plaintiff, are not similar to the case at hand. In addition, plaintiff asserts that defendants Tu and Integris are not fraudulently joined in this action. According to plaintiff, the Federal Rules of Civil Procedure only require a short and plain statement of the claim against defendants and she has provided that in her complaint. Plaintiff contends that she has alleged that the care and treatment provided by defendants Tu and Integris was negligent. Plaintiff asserts that there is no question that these defendants owed their patient a duty and she has alleged that that duty was breached and she suffered damages as a result. Plaintiff contends that such allegations are all that is required to state a claim and the Supreme Court's recent decision in Bell Atlantic Corp. v. Trombly, 127 S.Ct. 1955 (2007), does not require further allegations in order to state a claim.

Defendants, in response, contend that plaintiff's allegation that defendants Tu and Integris were somehow negligent and liable to her is nothing more than an unsupported legal conclusion. Defendants assert that plaintiff provides no factual basis from which it could be inferred that defendants Tu or Integris owed or breached any duty owed to plaintiff. Defendants contend that plaintiff has failed to allege any wrongful act or omission by defendants which allegedly caused her injuries. According to defendants, Bell Atlantic, redefined plaintiff's pleading burden and plaintiff's complaint does not meet that pleading burden. As to the amount in controversy, defendants contend that plaintiff's allegations in the complaint and those

provided by defendants in the notice of removal are sufficient to demonstrate that the jurisdictional amount is satisfied. Defendants contend that the federal cases cited by them in the notice of removal of similar plaintiffs alleging similar injuries arising from defendants' product show that the amount-in-controversy requirement is clearly met.

Where fraudulent joinder is asserted, it is the removing party who has the burden of establishing that the non-diverse defendant in question has been fraudulently joined. And the burden is a heavy one. Monsanto v. Allstate Indemnity, No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000)(unpublished)[1]; *see*, Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)(burden of persuasion placed upon those who cry "fraudulent joinder" is a heavy one); *see also*, Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3rd Cir. 1992)(removing party carries a heavy burden of persuasion). To prove its allegation of fraudulent joinder, the removing party "'must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court.'" Monsanto, 2000 WL 525592, *1 (quoting Hart, 199 F.3d at 246). Remand is required if any claim against the non-diverse defendant is possibly viable. *Id*. at *2.

Upon review, the court concludes that defendants have failed to satisfy their heavy burden of persuasion. The court cannot say that plaintiff has no possibility of recovery against defendant Tu or defendant Integris.[2] Therefore, because defendants have failed to show that Tu and Integris' inclusion as defendants constitute fraudulent

---

[1] Unpublished opinion cited as persuasive pursuant to Tenth Circuit Rule 32.1.

[2] The court notes that both defendant Tu and defendant Integris have answered the complaint.

joinder, their non-diverse status bars removal of the above-entitled action to this court and remand is required.[3]

Accordingly, Plaintiff, Maria Chaparro's Motion to Remand, filed September 6, 2007 (doc. no. 6), is **GRANTED**.  The above-entitled matter is remanded to the District Court for Oklahoma County, Oklahoma.

DATED October  9, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0964p001(pub).wpd

---

[3] In light of the court's ruling, the court need not address plaintiff's alternative argument concerning the amount in controversy.